CITY OF PASSAIC, A MUNICIPAL CORPORATION, PETI-
TIONER-APPELLANT, v. PASSAIC PIONEER PROPER-
TIES CO., RESPONDENT, AND DIVISION OF TAX
APPEALS, DEPARTMENT OF THE TREASURY, RE-
SPONDENT.

CITY OF PASSAIC, A MUNICIPAL CORPORATION, PETI-
TIONER-APPELLANT, v. GERA MILLS, GERA CORPORA-
TION AND PASSAIC INDUSTRIAL CENTER, INC.,
RESPONDENTS-RESPONDENTS, AND DIVISION OF TAX
APPEALS, DEPARTMENT OF THE TREASURY, RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 25, 1960—Decided April 25, 1960.

Before Judges GOLDMANN, FREUND and HANEMAN.

*Mr. Murry Brochin,* Deputy Attorney General, for the motion (*Mr. David D. Furman,* Attorney General, attorney).

*Mr. William N. Gurtman,* attorney for City of Passaic, *contra.*

GOLDMANN, S. J. A. D.   The Attorney General moves for the issuance of a writ of execution against the City of Passaic for the collection of costs in the above appeals. The city resists the motion on two grounds:   (1) because the Attorney General's participation in the appeals was based on the general public interest, and it is the policy of our law not to impose the costs of such participation upon any individual litigant, but rather on the public at large by legislative appropriation; and (2) *N. J. S. A.* 52:17A–12 *et seq.* precludes the right of the Attorney General to receive any form of compensation, except such as provided by legislative appropriation.

In *Passaic v. Passaic Pioneer Properties Co.* the city appealed from judgments of the Division of Tax Appeals dismissing its appeals from judgments of the Passaic County Board of Taxation reducing the 1954 and 1957 assessments on respondent taxpayer's real property, and affirming those judgments.   We affirmed.   55 *N. J. Super.* 94 (1959).

In *Passaic v. Gera Mills* the city appealed from Division judgments determining the assessment on the real property of Gera Mills and its successor owners for the years 1954, 1956 and 1957. Here, again, we affirmed. *55 N. J. Super.* 73 (1959). Certification was denied in both cases. 30 *N. J.* 153 (1959).

▮ Our mandates of affirmance issued in due course and awarded costs to the Division of Tax Appeals and against the City of Passaic. The Superior Court Clerk subsequently taxed costs of $120 in the *Passaic Pioneer Properties Co.* case, and $102 in the *Gera Mills* case. Copies of the taxed bills of costs were served upon the city. Thereafter the Attorney General, as attorney for the Division of Tax Appeals, on a number of occasions requested payment of the city. Eventually he was advised that the city intended to oppose the claims for costs.

*R. R.* 1:9–2, made applicable to this court by *R. R.* 2:9–2, provides that costs shall be taxed by the clerk "(1) In the manner ordered by the appellate court. (2) In the absence of such order, in favor of the prevailing party * * *." Pursuant to that rule we expressly ordered payment of costs in favor of the State as the prevailing party.

The particular items which may be included in a taxed bill of costs are set out in *N. J. S.* 22A:2–2 through 5. There is no dispute as to the propriety or amount of any of the items which make up the present taxed bills of costs.

In support of its contention that costs may not as a matter of law be awarded in favor of the Division of Tax Appeals, since the Attorney General had participated in the appeals because they involved questions of general public interest, the city cites *Hasbrouck Heights v. Division of Tax Appeals,* 48 *N. J. Super.* 328 (*App. Div.* 1958); *In re Katz,* 40 *N. J. Super.* 103 (*Ch. Div.* 1956); and *In re Linden,* 57 *N. J. Super.* 233 (*Cty. Ct.* 1959). None of these cases is in point. *Hasbrouck Heights* concerned itself with the circumstances under which the Attorney General should participate as an attorney for a state administrative

agency in an appeal from its decision. *Cf. N. J. S. A.* 52:17A–4(*e*). The *Katz* and *Linden* cases dealt with the question of the allowance of counsel fees in favor of the Attorney General—a matter completely different from the allowance of statutory costs consisting primarily of out-of-pocket expenses for printer's fees.

The city cites *N. J. S. A.* 52:17A–12 for the proposition that the Attorney General's compensation is limited to legislative appropriations made to the Department of Law and Public Safety. The statute provides:

"The Attorney-General may assign an assistant Attorney-General, a deputy Attorney-General or an assistant deputy Attorney-General to serve in any legal capacity in or for any officer, department, board, body, commission or instrumentality of the State Government on a part-time or full-time basis whenever, in the judgment of the Attorney-General, such assignment will contribute to the efficiency of the operation of such office, department, board, body, commission or instrumentality, but such member of the Division of Law shall remain under the supervision and control of the Attorney-General while so serving and his compensation shall be payable solely from appropriations made to the Department of Law and Public Safety."

The Attorney General does not dispute the clear meaning of *N. J. S. A.* 52:17A–12, but correctly points out that its designation of the source of the compensation to be paid him or his aides does not affect the question of the city's liability to pay costs which have been taxed against it. *N. J. S. A.* 52–17A–10 specifically contemplates that costs may be allowed in favor of the State:

"No member of the Department of Law shall receive any .compensation, fees or costs in addition to his regular salary for or by reason of any service performed by him for the State or for any political subdivision thereof except by allowance or appropriation by the Legislature, *and any additional compensation, fees or costs so payable to or received by any member of the Department of Law, not so allowed or appropriated, shall be paid to the State Treasurer for the use of the State;* * * *." (Italics ours)

The mandates of our appellate courts testify to the practice of taxing costs on appeal in favor of the State

where it is the prevailing party. *Driscoll v. Burlington-Bristol Bridge Co.,* 8 *N. J.* 433, 500 (1952). A recent case is *Eli Lilly & Co. v. Sav-On Drugs, Inc.,* 57 *N. J. Super.* 291, 306 (*Ch. Div.* 1959), affirmed o. b. 31 *N. J.* 591 (1960). This action involved the construction of *R. S.* 14:15–3 *et seq.,* the foreign corporation registration law. The Attorney General intervened on appeal to argue in support of the constitutionality of the law as interpreted by the Chancery Division; the Supreme Court affirmed the judgment and in its mandate of affirmance expressly awarded costs in favor of the State. The allowance of costs to the State as prevailing party is so well settled as never to have been called into doubt. Counsel for the city significantly fails to cite a single case to support his position that this customary practice is improper.

Apposite, but not controlling because the appeals here in question were not actions brought by the State, is *N. J. S.* 2*A*:15–60, which provides that in any action brought by the State, or the Governor, or by any person for the use of the State, the plaintiff shall recover costs as any other plaintiff, but the defendant shall not recover any costs against such plaintiff, even where the action is dismissed. This statute refutes the city's contention that costs may never be awarded in favor of the State when it acts for the public as a whole. Consult, also, *Zachariae v. N. J. Real Estate Comm'n,* 53 *N. J. Super.* 60 (*App. Div.* 1958), where this court awarded costs in favor of the State although it was the losing party, because appellant had failed to print part of the transcript which would be relied upon by its adversary.

The motion is granted and a writ of execution will issue against the City of Passaic for the collection of the costs taxed against it in the above-entitled appeals.